# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-0553V
Filed: October 18, 2019
UNPUBLISHED

| | |
|---|---|
| ALEJANDRA IDONE,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Alison H. Haskins*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Corcoran**, Chief Special Master:

On April 17, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome (GBS) causally related to an adverse reaction to the influenza vaccination she received on October 19, 2016. Petition at ¶¶ 1, 16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 18, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for her GBS. On October 17, 2019, respondent filed a combined Rule 4 report and proffer on award of compensation ("Rule 4 Report and

---

[1] I intend to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Proffer")[3] indicating petitioner should be awarded $92,000.00.  Rule 4 Report and Proffer at 4.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award petitioner a lump sum payment of $92,000.00 in the form of a check payable to petitioner, Alejandra Idone.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] The combined Rule 4 report and proffer contains information regarding petitioner's personal medical history which is not generally included in a proffer, when separately filed.  Thus, the undersigned will not attach the proffer to the decision in this case.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.